1
2
3                                                    HONORABLE RICARDO S. MARTINEZ
4
5
6                        UNITED STATES DISTRICT COURT
7                      WESTERN DISTRICT OF WASHINGTON
8                                AT SEATTLE
9
10  SCOTT FRANCIS ICEBERG                    No.  2:20-cv-001803 JCC
11
                                 Plaintiff,
12              v.                            COMPLAINT FOR DECLARATORY
                                             RELIEF
13  LYNNWOOD MUNICIPAL COURT, PAULETTE
    REVOIR in her official capacity,
14
15                               Defendants.
16

## I.    INTRODUCTION

1.      Plaintiff is a disabled individual who sought and was denied a reasonable

accommodation or modification which would allow him to access the services

Defendants provide, including contesting a traffic ticket at the Lynnwood Municipal

Court. Defendants do not comply with the ADA Title II implementing regulations,

including designating an ADA coordinator, adopting and publishing a grievance

procedure, or providing notice to the public regarding the rights afforded under the

ADA Title II. Defendants' blatant disregard for the law adversely affects Plaintiff,

and all other similarly situated individuals seeking to access the Lynnwood

Municipal Court. Furthermore, Lynnwood Municipal Court's blatant disregard for

the law is an assault on the rule of law itself.

                                                        Scott Francis Iceberg

COMPLAINT  --  1

## II.      JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343. This Court has jurisdiction over Plaintiff's claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. All relevant events omissions giving rise to Plaintiff's claims occurred within this district.

## III.      PARTIES

3.      Plaintiff Scott Francis Iceberg is a resident of  Edmonds, Washington Plaintiff has been diagnosed with, and currently suffers from, Complex Post Traumatic Stress Disorder, Panic Disorder, Persistent Depressive Disorder, Generalized Anxiety Disorder, and Ulcerative Colitis.  Plaintiff is a "qualified person with a disability" as defined by Title II of the Americans with Disabilities Act (ADA). 42 U.S.C. § 12102; 28 C.F.R. § 35.104. Plaintiff is also an "otherwise qualified individual with a disability" within the meaning of the Rehabilitation Act, 29 U.S.C. § 794.

4.      Defendant Lynnwood Municipal Court, the "Court", at all relevant times, is and has been a public entity within the meaning of Title II of the ADA. 42 U.S.C. § 12131.

5.      Defendant Lynnwood Municipal Court, at all relevant times, has received and continues to receive federal financial assistance within the meaning of the Rehabilitation Act, 29 U.S.C. § 794.

6.      Defendant Paulette Revoir, at all relevant times, is and has been the court employee who responded to, and summarily denied, Plaintiff's requests for accommodation, without demonstrating said requests to be a fundamental alteration, undue burden, safety threat, violation of Washington State law, or violation of GR33.

COMPLAINT

## IV.   RELEVANT ALLEGATIONS

7.      Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

8.      Under the ADA the term "disability" means a physical or mental impairment that substantially limits one or more major life activities;  a record of such an impairment; or being regarded as having such an impairment. 42 U.S. Code § 12102(1). Plaintiff satisfies all three prongs.

9.      Under the WLAD "Disability" means the presence of a sensory, mental, or physical impairment that is medically cognizable or diagnosable; or exists as a record or history; or is perceived to exist whether or not it exists in fact.

10.      Plaintiff is substantially limited in the major life activities of caring for oneself, eating, sleeping, speaking, concentrating, thinking, communicating, and interacting with others. limited in the major bodily functions of the immune system, bowel, and digestive system.

11.      When engaging in adversarial interactions, especially with individuals in positions of authority, such as those commonly encountered when engaging in an adversarial hearing , Plaintiff suffers severe stress, which greatly aggravate his disability, and render him  unable to function. Under such situations Plaintiff experiences severe and traumatizing panic attacks which generally render him unable to effectively communicate. Under such situations Plaintiff may lose control of his bowels and/or defecate blood. Plaintiff may response inappropriately or nonsensically.

12.      Plaintiff's disabilities are so severe that since 2012 he has been a recipient of Social Security Disability Insurance. An individual who qualifies for SSDI quite obviously satisfies the definition of disability set forth under the ADA Title II, and Washington Law Against Discrimination.

13.      On 8-4-20 Plaintiff emailed Defendant indicating he could find no information related the ADA on Defendants' website. Plaintiff also indicated he had a traffic ticket to contest, and requested the following information in order to arrange accommodations which would allow him to access the court: contact information for ADA coordinator; copy of adopted and published grievance procedure, and a copy of Defendants' notice to the public regarding the ADA

14.      On 8-4-20 Plaintiff received a response from Defendants. However, Defendants failed to provide the information Plaintiff requested.

COMPLAINT

15.     Defendants do not have an ADA coordinator.

16.     Defendants have not adopted and published a grievance procedure.

17.     Defendants do not provide a notice to the public regarding rights afforded under the ADA or Rehabilitation Act to individuals wishing to utilize the Lynnwood Municipal Court for purposes of contesting a photo-traffic ticket.

18.     On 8-21-20 Plaintiff sent an email to Defendants requesting appointment of an attorney as an accommodation under the ADA which will allow him to access the court for purposes of contesting a traffic ticket.

19.     On 8-21-30 Plaintiff sent an email to Defendants' requesting the accommodation that Defendants' gather his medical records, and consult with qualified professionals, to determine what accommodations may allow Plaintiff to access the court.

20.     On 8-28-20 Paulette Revoir responded to Plaintiff's requests for accommodation:

> "You do not qualify for a public defender as this is a photo enforcement citation, non-criminal case. It is not appropriate for the court staff to contact your physician regarding your medical issues. As I indicated in my earlier email, your case has been set for contested hearing and you may appear via Zoom. The instructions will be included with your hearing notice."

21.     Without demonstrating Plaintiff's requests for accommodation to be a fundamental alteration, undue burden, or safety threat, Defendants' denied Plaintiffs requests for accommodation.

22.     Plaintiff never received any notice of a hearing, or any instructions on how to proceed.

23.     Plaintiff was not afforded any opportunity to appeal the denial of his requests for accommodation; request any other accommodation; or receive any further response from Defendants regarding his requests for accommodation from Defendants.

24.     On 11-1-20 Plaintiff emailed Defendants indicating he cannot participate in the hearing without any accommodations. Defendants did not respond.

25.     On 12-8-20 Plaintiff received a letter from Defendants indicating he owes $149 because "he failed to respond to a parking citation". Plaintiff was given no opportunity for appeal.

26.     Plaintiff encourages anyone who reads this to do a quick search of Defendants' website to see that Defendants do not comply with the ADA, Rehabilitation Act, and WLAD.

## V.    CLAIMS FOR RELIEF

27.    Plaintiff incorporate all preceding paragraphs as if fully set forth herein.

**A.    Violations of ADA Title II**

28.    In Title II, the ADA prohibits discrimination in public services, including courts, and mandates that persons eligible for receipt of services not, because of disability, be excluded from participation or from the benefits, services or activities of a public entity. Administrators of public programs must take steps to accommodate persons with disabilities, unless the accommodation fundamentally alters the nature of an activity or program or constitutes an undue administrative or financial burden. 42 U.S.C. § 12182(b)(2)(A). This obligation may be enforceable by a suit for declaratory or injunctive relief, or money damages. 42 U.S.C. § 12133 (incorporating Rehabilitation Act remedies, 29 U.S.C. § 794(a)); 28 C.F.R. §§ 35.150(a)(3), 164.

29.    Defendants had ample notice of the need for the accommodation/modification of providing a representative, yet failed, despite repeated requests, to act appropriately. Despite the request for a representative being needed and reasonable, Defendants deliberately denied said request, and deliberately failed to provide an alternative, yet equally effective, accommodation/modification

30.    Plaintiff requests declaratory relief.

**B.    Violations of the Washington Law Against Discrimination**

31.    The WLAD declares that —full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement, free from discrimination because of disability or the use of a trained dog guide or service animal, —is recognized as and declared to be a civil right, enforceable by an administrative complain civil action for damages. RCW 49.60.030 et seq. Places of public accommodation are broadly defined. RCW 49.60.040(10).

32.    Plaintiff requests declaratory relief.

**C.     Violations of the United States Constitution**

33.     Access to the courts is a fundamental right, the United States Supreme Court has held that Title II of the ADA is constitutionally valid. In Tennessee v. Lane, 124 S. Ct. 1978 (2004), the Court held that —Title II unquestionably is valid...as it applies to the class of cases implicating the accessibility of judicial services[.]‖ Id. at 1993. The Court observed that the —duty to accommodate is perfectly consistent with the well-established due process principle that within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard' in its courts.‖ Id. at 1994 (quoting Boddie v. Connecticut, 401 U.S. 371, 379 (1971)).

34.     Plaintiff requests declaratory relief.

**D.     Violations of the Washington State Constitution**

35.     The Washington State Supreme Court has held that the right of access to the courts is fundamental and preservative of all other rights, and that denial of access on the basis of poverty violates the Washington State Constitution. Carter v. University of Washington, 85 Wn.2d 391, 536 P.2d 618 (1975), and Housing Authority of King County v. Saylors, 87 Wn.2d 732, 557 P.2d 321 (1976) at (742).

**VI.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court:

A.     Assume jurisdiction over this matter;

B.     Because Defendants' discriminatory conduct is ongoing, issue a declaratory judgment holding that Defendants have violated Plaintiff's rights under Title II of the Americans with Disabilities Act;

C.    Because Defendants' discriminatory conduct is ongoing, issue a

declaratory judgment holding that Defendants have violated Plaintiff's

rights under Section 504 of the Rehabilitation Act of 1973.

Dated: December 12, 2020 at Edmonds, Washington.

Respectfully submitted,



Scott Iceberg
4902 148th St Sw Apt B411
Edmonds, WA 98026
425-480-9103

COMPLAINT